UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENG-WEN CHENG,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND,<br><br>    Defendant. | Civil Action<br>No. 22-7442 (CPO) (SAK)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34.) For the following reasons, the Court will grant the motion and dismiss the Complaint for failure to state a claim.

## I.    BACKGROUND[1]

This case arises from a stabbing incident during Plaintiff's incarceration at Federal Correctional Institution Fort Dix. (ECF No. 1, ¶ 1.) Plaintiff names only United States Attorney General Merrick Garland as a Defendant in this matter.

The Complaint contains few factual allegations. According to Plaintiff, an unnamed inmate stabbed Plaintiff on an unspecified date, in Fort Dix. (*Id*. ¶¶ 1, 10(c)). The Bureau of Prisons investigated the incident, and one of its investigators, Special Investigative Supervisor ("SIS") Salazar, "interviewed the Plaintiff and promised that [he] would refer the assailant . . . to [the] FBI for criminal investigation." (*Id*. ¶ 10(a)). SIS Salazar never referred the assailant for investigation. (*Id*.) Plaintiff requested updates from SIS Salazar, SIS Suero, and Lieutenant Hernandez, "multiple times but never received any response." (*Id*. ¶ 10(b)). Due to the investigation, Plaintiff

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this Opinion only. The Court has made no findings as to the veracity of Plaintiff's allegations.

spent three months in the special housing unit and would at times be placed in the same recreation area as the assailant. (*Id*. ¶ 10(d)). Plaintiff "was never informed of any of his rights as a crime victim." (*Id*. ¶ 10(e)).

Plaintiff filed the Complaint in this case in December of 2022, seeking to enforce his rights under the Crime Victim's Rights Act, 18 U.S.C. § 3771. (*Id*. at 6.) In terms of relief, he seeks declaratory judgment to declare him a "crime victim" under the statute, and a writ of mandamus to order Defendant to "conduct [a] criminal investigation" and related relief. (*Id*. ¶ 14). Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), (ECF No. 34), Plaintiff filed an Opposition, (ECF No. 35), and Defendant filed a Reply, (ECF No. 36).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of

2

truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

### III. DISCUSSION

Plaintiff brings this action pursuant to the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771. (ECF No. 1.) Through the CVRA, he seeks to initiate a criminal investigation against his assailant, and to participate in those proceedings. (*Id.* ¶ 14.) Defendant moves to dismiss the Complaint, arguing that the CVRA did not create a private cause of action for Plaintiff's claims. (ECF No. 34, at 7–10; ECF No. 36, at 4–9.)

Congress enacted the CVRA to "to protect [crime] victims and guarantee them some involvement in the criminal justice process." *E.g.*, *United States v. Moussaoui*, 483 F.3d 220, 234–35 (4th Cir. 2007); *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006). Under the statute, a "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a [f]ederal offense." 18 U.S.C. §§ 3771(a), 3771(e)(2)(A). The CVRA affords "crime victims" the following rights:

> (1) The right to be reasonably protected from the accused.
>
> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
>
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

>   (5) The reasonable right to confer with the attorney for the Government in the case.
>
>   (6) The right to full and timely restitution as provided in law.
>
>   (7) The right to proceedings free from unreasonable delay.
>
>   (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
>
>   (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
>
>   (10) The right to be informed of the rights under this section and . . . provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(a). The CVRA provides a mechanism for enforcing those rights in criminal proceedings against the accused. 18 U.S.C. § 3771(d); *e.g.*, *In re Burgess*, 739 F. App'x 169, 172 (3d Cir. 2018).

In this case, however, there are no criminal proceedings, as Plaintiff alleges that no criminal investigation or prosecution has ever taken place against his assailant. (*See* ECF No. 1, ¶¶ 10 (a), 14(b)). The Third Circuit has held that the rights under the CVRA "are limited to the criminal justice process," *In re Shahin*, 767 F. App'x 376, 377 (3d Cir. 2019) (quoting *Moussaoui*, 483 F.3d at 234–35 (4th Cir. 2007)), and that the CVRA did not create a "cause of action for damages, or . . . [for] opening a criminal prosecution." *In re Burgess*, 739 F. App'x at 172; *see also In re Wild*, 994 F.3d 1244, 1260–61 (11th Cir. 2021) (holding that "the CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding").

Indeed, the CVRA expressly provides that "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or

employees could be held liable in damages." 18 U.S.C. § 3771(d)(6).  Further, "[n]othing in this chapter shall be construed *to impair the prosecutorial discretion* of the Attorney General or any officer under his direction." *Id.* (emphasis added).  Relying on that latter provision, the Third Circuit held that plaintiffs are statutorily barred from employing "the CVRA . . . as [a] means of opening a criminal prosecution." *In re Burgess*, 739 F. App'x at 172; *see also In re Wild*, 994 F.3d at 1260–61 (finding that standalone civil suits would fundamentally impair prosecutorial discretion).

Plaintiff argues that § 3771(d)(6) does not preclude his claims because he seeks only declaratory and mandamus relief, and that the relief he seeks "would not impair any prosecutorial discretion at all." (ECF No. 35, at 13.)  The Court disagrees.  Forcing Defendant to conduct a criminal investigation, "presumably on pain of contempt," would plainly impair his prosecutorial discretion. *In re Wild*, 994 F.3d at 1260–61.

As the Eleventh Circuit explained, standalone civil suits would impair prosecutorial discretion "in at least two fundamental ways." *Id*. at 1261.  First, it would require a court to conduct a mini trial to decide whether a federal offense occurred "*before* the government has even decided to press charges." *Id*. (emphasis in original) (noting that courts have never been called to decide whether a crime has occurred before a charging decision).  That is because to be afforded rights under the CVRA, a plaintiff must establish that he is a "crime victim," defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. §§ 3771(a), 3771(e)(2)(A); *In re Wild*, 994 F.3d at 1261 ("[A]ny individual asserting rights under the CVRA must, at the very outset, demonstrate to the district court that she is a 'crime victim' entitled to statutory protection.").  If this Court were to conduct such a proceeding and rule on whether an offense had occurred, it would "exert enormous pressure on the government's charging decisions"

5

and decisions to investigate. *See In re Wild*, 994 F.3d at 1261; *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *2–3 (D.N.J. Apr. 13, 2020).

Second, without a criminal case, there are no proceedings to participate in, or delayed proceedings or plea "agreement[s] to challenge," all that remains is to order prosecutors to confer with victims—presumably for the purpose of an investigation—and to treat victims "fairly." *Id*. at 1262; *see generally* (ECF No. 35, at 13 (alleging that Plaintiff seeks to enforce the right to confer and to proceedings free from unreasonable delay)). It is "hard to imagine a more significant impairment of prosecutorial discretion" than affirmatively ordering the Government, in pursuit of fairness, to conduct an investigation or "prosecution of a particular matter in a particular" way. *See In re Wild*, 994 F.3d at 1261; *In re Petersen*, No. 10-298, 2010 WL 5108692, at *2 (N.D. Ind. Dec. 8, 2010); *Sieverding v. U.S. Dep't of Just.*, 693 F. Supp. 2d 93, 110 (D.D.C. 2010).[2]

In his Opposition, Plaintiff argues that his claims do not impact prosecutorial discretion because he is not seeking to order Defendant to "officially charge" anyone. (*See* ECF No. 35, at 12–13). While it is true that deciding whether to charge an individual is "the core of prosecutorial discretion," it is not the only facet of that discretion. *See In re Wild*, 994 F.3d at 1262–63; *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Prosecutors also have "broad discretion" in deciding whether to investigate crimes. *Karkalas v. Marks*, 845 F. App'x 114, 122 (3d Cir. 2021); *Baer v. United States*, 722 F.3d 168, 175 (3d Cir. 2013) ("Whether to pursue a lead,

---

[2] In his Opposition, Plaintiff also mentions that he seeks to enforce his right "to be reasonably protected from the accused." (ECF No. 35, at 13.) The accused assailant in this case, however, was inmate at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. (ECF No. 1, at 1.) Plaintiff does not explain how his assailant poses any current threat, with Plaintiff now incarcerated at Federal Medical Center Rochester, in Rochester, Minnesota. In other words, Plaintiff fails to allege how the Government has failed to reasonably protect him from his assailant.

to request a document, or to assign additional examiners to an investigation are all discretionary decisions, which necessarily involve considerations of . . . resource allocation and opportunity costs."). The primary goal of Plaintiff's Complaint is to "[e]njoin the Defendant to conduct [a] criminal investigation of the accused assailant." (ECF No. 1, ¶ 14(b)). Issuing such an injunction would plainly "impair" Defendant's discretion to investigate crimes. 18 U.S.C. § 3771(d)(6); *see In re Wild*, 994 F.3d at 1260–61; *In re Petersen*, 2010 WL 5108692, at *2; *Sieverding*, 693 F. Supp. 2d at 110.

For all those reasons, in the posture of this case,[3] the Court finds that § 3771(d)(6) "statutorily bar[s]" Plaintiff from using the CVRA "as a means of opening a criminal" investigation and precludes a private cause of action. *See In re Burgess*, 739 F. App'x at 172; *Ippolito*, 2020 WL 1847671, at *2–3 (finding that § 3771(d)(6) barred plaintiff's CVRA claims in the absence of a criminal investigation or prosecution). Accordingly, the Court will grant Defendant's motion to dismiss.

---

[3] The Court emphasizes that according to Plaintiff, there has never been a criminal investigation of his assailant. (ECF No. 1, ¶¶ 10(a), 14(b)). The Court is aware that some courts have allowed plaintiffs to pursue their CVRA rights where a criminal investigation is pending, but charges have not yet been filed. *See In re Dean*, 527 F.3d 391, 394–95 (5th Cir. 2008); *United States v. Rubin*, 558 F. Supp. 2d 411, 418–19 (E.D.N.Y. 2008); *see generally Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *2 (D.N.J. Apr. 13, 2020) (discussing cases). However, the Court declines to speculate as to whether the CVRA authorizes a private cause of action in other scenarios and confines its holding to the facts of this case.

## IV.  CONCLUSION

For the reasons above, the Court will grant Defendant's motion and dismiss the Complaint with prejudice for failure to state a claim.  An appropriate Order follows.

Dated:  March 7, 2024

/s/ Christine P. O'Hearn____
**Christine P. O'Hearn**
**United States District Judge**
